IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| V. | § § § | CASE NO. 5:13-CR-0332-01-S |
| STEVEN WING | § | |

## REPORT AND RECOMMENDATION OF
## THE UNITED STATES MAGISTRATE JUDGE

On June 1, 2017 and June 9, 2017, the undersigned held hearings on a Form 12 petition to revoke supervised release and related supplemental petitions. (Dkt. Nos. 91, 93, and 105). The Government was represented by Assistant United States Attorneys Alfredo De La Rosa and Chris dos Santos. Defendant, **STEVEN WING**, was represented by Assistant Federal Public Defender David Castillo.

Defendant was sentenced on June 25, 2014, before The Honorable U.S. District Judge George P. Kazen in the Southern District of Texas—Laredo Division, after pleading guilty to attempting to possess with the intent to distribute 50 kilograms or more of marijuana. This offense carried a statutory maximum imprisonment term of 20 years. The guideline imprisonment range, based on a total offense level of 23 and a criminal history category of II, was 51 to 63 months. Defendant was subsequently sentenced to 48 months confinement, along with 3 years of supervised release.

On April 13, 2016, Defendant began service of the supervision term. On January 28, 2016, the Court modified Defendant's conditions to incorporate community confinement for a period of up to 180 days because Defendant reported that he would be homeless upon his release from BOP custody. (Dkt. No. 89). Soon thereafter, Defendant requested that his supervision be transferred

1

to the Albany Division in the Northern District of New York. The probation office in the Albany Division required Defendant to modify his supervised release conditions before accepting supervision. (Dkt. No. 90 at 2). On April 14, 2016, Defendant agreed to these modifications. (Dkt. No. 90 at 5-6). On April 26, 2016, the Court ordered that Defendant's conditions of supervised release be modified. (Dkt. No. 90 at 4).

On October 18, 2016, the instant petition was filed. (Dkt. No. 91). The supplemental petitions were filed on December 19, 2016, and January 17, 2017, respectively. (Dkt. Nos. 93 and 105). Therein, the petitions allege that Defendant violated the following conditions:

1) Failure to follow USPO's instructions; and

2) Failure to report as directed.

The petitions are summarized as follows. On June 27, 2016, Defendant reported to the probation office in the Albany Division in the Northern District of New York. At that time, the probation officer explained to Defendant his conditions of release and the eight specific sex offender conditions that were added by the Court's later modification. Despite the probation officer's instructions, on several occasions during July 2016 and on at least one occasion during August 2016, Defendant accessed the internet utilizing his stepmother's tablet. Further, on December 19, 2016, Defendant was summoned to appear for a revocation proceeding at 1:00 p.m. on January 4, 2017. Defendant failed to do so.

At the June 1st revocation hearing, Defendant pleaded true to the first and second allegations. After further inquiry, the undersigned determined that there was a factual basis in the record to support Defendant's plea of true to these allegations.

Because of the facts mentioned above, at the June 9th revocation hearing, the undersigned advised that he would be recommending that Defendant be committed to the custody of the Bureau

of Prisons to be imprisoned for 6 months to serve. The undersigned stated that he would be recommending that Defendant be placed back on supervised release until the original expiration date of April 12, 2019, under the same terms and conditions that were previously imposed, except that, when Defendant is released from the Bureau of Prison's custody, Defendant shall be placed in a reentry center for a period of 6 months in Laredo, Texas. Finally, the undersigned stated that he would be recommending that Defendant's conditions of supervised release include the specific sex offender conditions of supervised release that were added through modification in April 2016.

Based on the foregoing, it is **RECOMMENDED** that Defendant's plea of true to the first and second allegations, as set forth in the petitions, be **ACCEPTED**.

Based upon Defendant's plea of true to these allegations, it is further **RECOMMENDED** that the Court find that Defendant violated the conditions of his supervised release.

It is further **RECOMMENDED** that Defendant's supervised release be **REVOKED**.

It is further **RECOMMENDED** that Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of 6 months to serve.

It is further **RECOMMENDED** that Defendant be placed back on supervised release until the original expiration date of April 12, 2019, under the same terms and conditions that were previously imposed, except that, when Defendant is released from the Bureau of Prison's custody, Defendant shall be placed in a reentry center for a period of 6 months in Laredo, Texas.

Finally, it is **RECOMMENDED** that Defendant's conditions of supervised release include the specific sex offender conditions of supervised release that were added through modification by the Court on April 26, 2016.

At the close of the revocation hearing, Defendant, defense counsel, and counsel for the Government each signed a standard form waiving their right to object to the proposed findings and

recommendations contained in this report, consenting to revocation of supervised release as recommended herein, and consenting to the imposition of the above sentence recommended in this report. Defendant also waived his right to be present and speak before the District Judge imposes the recommended sentence. Therefore, the Court may act on the report and recommendation immediately.

SIGNED this 19th day of June, 2017 at Laredo, Texas.

_____
J. SCOTT HACKER
United States Magistrate Judge